## R. M. Davis v. M. E. McFeat, by, etc.

**Costs—Unnecessarily Encumbering Record.**

Where a party unnecessarily encumbers the record, the opposite party should not be taxed with the full cost of making out the original record nor of copies furnished by the clerk of the court.

### APPEAL FROM MERCER CIRCUIT COURT.

October 30, 1873.

OPINION BY JUDGE LINDSAY:

This court did not decide in the case of Bradley, Guardian, v. Walker, surety for Morby, etc., that Bradley was not the guardian of M. E. McFeat, nor that the county court of Mercer county held no jurisdiction to appoint him to that position; but even if it had so decided in an action prosecuted by Bradley, as guardian, neither he nor his official sureties could rely on that fact as a defense to an action prosecuted by his ward to recover funds coming to his hands, while acting in that capacity. The acceptance of the appointment and the execution of the bond precludes him and his sureties from questioning the power or jurisdiction of the Mercer County Court, when called upon to account for his actions and doings under the appointment. The order of said court sufficiently shows the execution of the bond and its acceptance and approval by the court.

It was held in the case of Bradley v. Walker, that the estate coming to James S. Mosby's hands under the will of his mother, who was the grandmother of appellee, was held by him as trustee, subject to the changes created by the will, and that he did not hold it as guardian, and hence that in that action his surety could only be held responsible for certain slaves and their hire, that did come into his possession as guardian, and which he did not hold as trustee. It was pending this suit that Walker, as surety for Mosby, paid over to Bradley, as guardian for appellee, the sums of money named in the two receipts of the dates, respectively, of Aug. 3, 1853, and Sept. 5, 1853. These receipts recite that the moneys then paid were supposed to be due to Mary E. McFeat, and stipulated that should it finally turn out that she or her guardian, Bradley, should fail to procure a decree for such amounts, then they were to be paid back to Mosby's personal representative; but if they should obtain a decree for a larger sum, then these payments should go as credits on the judgment. These receipts appellee makes part of her petition and relies upon them as evidence of her claims against Bradley's surety, Davis.

They show that the payments were made pending a suit prosecuted for her benefit and that her guardian, acting in good faith, accepted them upon the not unreasonable condition that he would return the money should it turn out that he was

not legally entitled to receive it. It did so turn out that neither he nor his ward, nor her subsequent guardian, Harris, obtained the decree; and hence, no matter whether or not Mosby's administrator succeeded in recovering back the moneys from Bradley and his surety Ballinger, appellee has no claim against the sureties on the bond of Bradley, the guardian, for the amounts evidenced by these receipts.

The evidence shows pretty clearly that appellee has no estate except the four slaves left by her mother, and as their hire in the hands of Mosby could not have amounted to more than one-fourth of the moneys paid by Walker to Bradley, it is almost certain that said moneys were part of the trust estate, for which this court adjudged Walker not to be liable. If this assumption be correct, and we do not doubt that it is, Bradley collected the moneys without right. His collection did not relieve the trustee or his estate of liability, and hence imposed no obligation upon appellant to make good Bradley's defalcation in the matter.

We have examined the commissioner's report and the evidence upon which it is based, and are of opinion that for the negro hire, as estimated by him, with the accumulated interest, upon the basis of compounding interest bi-annually up to the death of Bradley, and counting simple interest on the amount thus made up, until the date of the report, appellant is legally liable. The amount thus ascertained is $643.06, and for this sum with legal interest from May 13, 1872, appellee should have judgment.

There is no evidence that Mrs. McFeat kept the appellee in South Carolina, under contract with Bradley, nor are the receipts of Mrs. McFeat sufficient evidence that any sums of money were paid her for taking care of and raising the infant ward; besides this, appellee's father swears that he furnished means sufficient for her support. Hence no credit should be allowed for their supposed expenditures; as Bradley failed to settle his accounts as guardian nothing should be allowed for his services.

The propriety of the allowance to the master cannot be considered, as he is not a party to the appeal.

We cannot close this opinion without calling attention to the manner in which this case has been prepared. All the pleadings

Connell utterly disregarded Sec. 125, Civ. Code of Practice, are unnecessarily prolix, and in the preparation of the original answer, which covers 41 pages of closely written legal cap, which provides that matter constituting a defense, counterclaim or set-off shall be stated "in ordinary and concise language without repetition."

Besides this, he files as exhibits the records of two or three equitable actions when the pleadings and judgments in each would have fully illustrated the issues invòlved, and made clear the decision of the court upon those issues. In this way a record of over 540 pages is made up, and all this extraneous and irrelevant matter is brought before this court. Leaving out of view the additional and unnecessary labor thus imposed upon the courts, it is unreasonable and unjust that appellee shall be taxed with the full costs of making out this original record, and such copies, if any, as may have been legally furnished to Connell by the clerk of this court. The judgment of the circuit court is reversed and the cause remanded with instructions to enter judgment as herein suggested.

Only one-half the expense incurred in making out the original record by the circuit court clerk, and in copying the same by this clerk, if a copy has been furnished to appellant's counsel, shall be taxed against appellee as costs in this court. On the cross-appeal the judgment is affirmed.

*Kyle, Poston, for appellant.*

*J. B. & P. B. Thompson, for appellee.*